STATE OF CONNECTICUT *v.* ELBRIDGE D. WILLIAMS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 3-23984

Argued December 16, 1968—decided February 14, 1969

*Benjamin M. Chapnick,* of New Haven, for the appellant (defendant).

*John P. Sjovall,* assistant prosecuting attorney, for the state (plaintiff).

KINMONTH, J. The defendant having been convicted of failure to drive in proper lane, in violation of § 14-230 of the General Statutes, has appealed, assigning error (1) in that the subordinate facts do not support the court's conclusion; (2) in the admission of certain evidence; and (3) in the conclusion that on all the evidence the defendant was guilty beyond a reasonable doubt. Upon the last assignment of error, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof, and it is therefore unnecessary to consider the claims of error directed to the finding. *State* v. *Salvaggio,* 152 Conn. 716, 717; *State* v. *Pundy,* 147 Conn. 7, 8.

From the evidence the following facts were established. On October 24, 1967, at approximately 7:05 p.m., the defendant was operating a 1966 Chevrolet truck on Toddy Hill Road in the town of Newtown, heading toward New Haven, in the vicinity of the intersection of Toddy Hill Road and High Bridge Road. The defendant was operating his vehicle downgrade approaching a viaduct or railroad overpass, and there is an almost 90-degree turn to the left after passing through the viaduct. Toddy Hill Road is a two-lane highway approximately twenty-four feet wide, and just prior to the viaduct there is a clearly visible reflective sign on which is a left-turn arrow. At the time and place the weather was clear, the road was dry and it was dark. The defendant was unfamiliar with the road but had earlier in the day in question traveled this road in the opposite direction. At the time in question the defendant was traveling at a speed of about twenty-five miles per hour. As he approached the curve he applied his brakes, the load on the truck shifted, and his vehicle ran off the right side of the road, coming to rest with its front end up against an embankment approximately eight feet from the

highway but with its left rear still on the traveled portion of the highway. At all times the defendant had operated his vehicle on the right side of the road. Just prior to the accident the defendant had a sandwich and a beer. The court concluded that the defendant was guilty of violating the statute.

The title of § 14-230 is "Driving in right-hand lane," and the part of the statute involved in this case reads as follows: "Upon all highways, each vehicle shall be driven upon the right . . . ." In interpreting the statute, general rules of construction apply and the circumstances under which it would become effective and the purpose for which it was enacted should be properly taken into account. 61 C.J.S., Motor Vehicles, § 654. Prior to 1955, the statutes pertaining to travel on the highway were entitled "Rules of the Road." These statutes go back as far as 1797, and the latest was § 2489 of the 1949 Revision. With the increase in motor vehicles and modern highways the legislature in 1955 revised the statute and broke it down into sections to clarify safety regulations in the use of the highways. Instead of one section dealing with rules of the road, our present statutes, primarily, cover the subject in § 14-230 through § 14-242. These regulations are designed for the safety of persons using our highways and to prevent collisions. The language of the statute in question is clear that vehicles on the highway shall be driven on the right, unless in compliance with the exceptions stated therein they may be driven to the left. There is nothing in the statute which prohibits a driver from driving off the right of the highway. The mere occurrence of an accident does not give rise to an inference that the defendant has violated a statute.

It is the law that a person shall not be convicted upon mere suspicion. "The state must prove guilt beyond a reasonable doubt, that is, by such proof as

precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion . . . ." *State* v. *McDonough,* 129 Conn. 483, 485; *State* v. *Annunziato,* 145 Conn. 124, 136. The evidence in this case does not provide the requisite degree of proof. The trier may not adopt a supposition of guilt which is merely a possible one. The conclusion of the trial court that the defendant violated the statute involved was unwarranted and invaded the realm of speculation and conjecture.

Under the view we take of the case it is unnecessary to consider the defendant's claim of error in the admission of evidence.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion, WISE and DEARINGTON, Js., concurred.