## THE STATE OF CONNECTICUT *vs.* HERMAN BLOCK.

Third Judicial District, Bridgeport, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The blow or other injury inflicted by one charged with manslaughter need not have been the immediate, direct and sole cause of death, provided it produced a condition that would not otherwise have occurred and this condition caused the death; in other words, it is enough for the State to prove beyond a reasonable doubt that the blow or injury was either the mediate or immediate cause of death.

Upon a prosecution for manslaughter the State offered evidence tending to prove that the decedent had an alcoholic brain which rendered him susceptible to delirium tremens from a blow or injury to his head; that he received such a blow or injury from being thrown from an automobile which the accused drove at a dangerous, reckless and criminally negligent rate of speed upon an embankment of stones and earth at the side of the road; that delirium tremens ensued from which he died, but that such delirium would not have occurred except for his injury. *Held* that the trial court properly instructed the jury that upon proof of these facts beyond a reasonable doubt, the fall from the automobile was the legal cause of the decedent's death.

The appellant assigned error because the trial judge said to the jury that if they found the supposition that the death might have resulted from delirium tremens, entirely independently of the fall from the automobile, as claimed by the accused, to be a reasonable one, consistent with the proven facts, it would be their duty to acquit. *Held* that in view of the repeated and explicit instructions elsewhere in the charge as to the burden of proof which rested upon the State, the jury could not possibly have misapprehended the law upon this branch of the case.

Proof beyond a reasonable doubt is such as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the prisoner's guilt and inconsistent with any other rational conclusion; but the usual and safe formula for the guidance of the jury is that in order to convict the accused in any case they must be satisfied of his guilt, by the evidence, beyond any reasonable doubt.

Argued November 4th—decided December 20th, 1913.

INFORMATION for manslaughter, brought to the Superior Court in Fairfield County and tried to the

jury before *Curtis, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*John C. Chamberlain,* for the appellant (the accused).

*Stiles Judson,* State's Attorney, for the appellee (the State).

RORABACK, J. The information charges that on July 31st, 1912, the accused was driving an automobile upon the highway in Newtown, in which Levi C. Gilbert, then of Newtown, was riding as a passenger; that the accused then and there negligently drove such automobile at a dangerous rate of speed upon an embankment of stones and earth at the side of the traveled path; that such negligent driving of the automobile was done with reckless disregard of the safety of Gilbert and was criminal negligence; that such recklessly negligent driving caused Gilbert to be thrown from the automobile upon the ground, wounded and bruised about the head and body; and that such wounding and bruising, so caused, directly and proximately caused the death of Gilbert on August 3d, 1912.

The State claimed and offered evidence tending to prove that Gilbert was taken at once to a hospital in Danbury and there delirium tremens developed, from which he died August 3d, 1912; that Gilbert at the time of the injury had an alcoholic brain, which rendered him susceptible to delirium tremens from a blow or injury to his head; that the delirium tremens causing his death was caused by the injuries received in being thrown from the car as aforesaid, and that delirium tremens causing his death would not then have occurred except for such blows or injuries; that the injuries received in the fall from the car would not have caused Gilbert's death if he had not had an alcoholic brain; that Gilbert was not intoxicated at the time of the accident;

and that the severe physical shock and wounds produced delirium tremens resulting in his death.

The defendant offered evidence to prove and claimed to have proved that the deceased was a man of drinking habits and was drunk at the time of the accident; that the autopsy disclosed that he had an alcoholic brain; that the delirium tremens, from which he died, was the direct and natural sequence of his habits in life and his physical condition; that there was no necessary connection between a shock like the one disclosed in evidence and the disease from which the man died; and that he might have had the tremens and died when he did if the accident had not taken place.

The trial court in its charge to the jury used this language: "The State claims to have proven by Dr. Stratton and Dr. Godfrey, that at the time of the fall Gilbert had an alcoholic or wet brain, and that the blows received in the fall produced delirium tremens because of such condition of his brain, and that the delirium tremens caused his death, and the State claims to have proven that the delirium tremens would not have then occurred and caused his death if the wounds from the fall had not been received. If you find that the State has proven these facts beyond a reasonable doubt, then the fall from the auto caused the death of Gilbert, and if it is proven beyond a reasonable doubt that the fall was caused by the criminal negligence of the accused, then the accused is guilty of manslaughter, as charged."

Exception is taken to this part of the charge because, as the defendant contends, the court should have instructed the jury that the State must prove "beyond a reasonable doubt that the illness which caused this man's death was the direct result of this accident, and could not have been caused by any other agency."

Although no case precisely like the present is treated

in the books, yet the general subject has been often considered. Bishop states the doctrine as follows: "Whenever a blow is inflicted under circumstances to render the party inflicting it criminally responsible if death follows, he will be deemed guilty of homicide though the person beaten would have died from other causes, or would not have died from this one had not other causes operated with it; provided the blow really contributed either mediately or immediately to the death, in a degree sufficient for the law's notice. In other words, the blow or wound for which the defendant is responsible need not be the sole cause." 2 Bishop, New Criminal Law, § 637. As applicable to this case, it is said: "If a man receives a wound which is not in itself mortal, but either for want of helpful applications or neglect thereof, it turns to a gangrene or a fever, and this gangrene or fever be the immediate cause of his death, yet this is murder or manslaughter in him that gave the stroke or wound, for that wound, tho it was not the immediate cause of his death, yet if it were the mediate cause thereof, and the fever or gangrene was the immediate cause of his death, yet the wound was the cause of the gangrene or fever, and so consequently is *causa causati*." Roscoe on Criminal Evidence (13th Ed.) 616. In *Commonwealth* v. *Hackett*, 84 Mass. (2 Allen) 136, it was held that "one who has wilfully inflicted upon another a dangerous wound, with a deadly weapon, from which death ensued, is guilty of murder or manslaughter, as the evidence may prove, although, through want of due care or skill, the improper treatment of the wound by surgeons may have contributed to the death." See also *State* v. *Bantley*, 44 Conn. 537-540. From these and other authorities, it is apparent that it is not necessary that the act or omission should be the direct cause of the death; it is sufficient if it be a contributory cause.

The judge in the present case told the jury, in substance, that it was sufficient if they found from the evidence that the injuries received by Gilbert in his fall from the automobile caused delirium tremens, which caused his death, and that the delirium tremens would not have occurred and caused his death if the wounds received from the fall had not been received. These instructions are in conformity with the principles of law above indicated.

The defendant criticises that part of the charge in which the jury were told: "In other words, the accused claims that it is a reasonable supposition under the evidence that Gilbert's death may have come from delirium tremens entirely independently of the fall from the auto. If that supposition is found by you to be a reasonable one, consistent with the facts which you find proven, it is your duty to acquit the accused."

This instruction, when considered in connection with other portions of the charge, was sufficient for the proper guidance of the jury as to the obligation imposed upon the State to establish the allegation and claim that Gilbert's death was caused by the injury which he received in being thrown from the automobile. This is made clear by reference to other portions of the charge, in which the court instructed the jury: "It is your duty to assume that an accused person is innocent of the offense charged, and that assumption should continue until and unless the State proves his guilt beyond a reasonable doubt. Proof to a certainty is not required. You should not convict upon suspicion. Before finding an accused person guilty, you should feel, from all the evidence presented, a strong and abiding conviction of the guilt of the accused. If you do not feel a strong and abiding conviction of his guilt, you should not find him guilty, for in such case you would have a reasonable doubt of his guilt. The proof of guilt must exclude every

reasonable supposition of the innocence of the accused. All the essential elements of a crime charged must be proved beyond a reasonable doubt before an accused person can be found guilty of having committed the crime." And again: "If, on the consideration of all the evidence presented against and for the accused, you are not satisfied beyond a reasonable doubt of his guilt— that is, of the truth of each of the essential elements of the crime charged against him, you must acquit him, although you may not be satisfied of his innocence." And in stating the matter more directly, the court said: "If you should find that it has not been proven beyond a reasonable doubt, that the accused was guilty of criminal negligence, or if you find that it has not been proven beyond a reasonable doubt that the fall from the auto caused the death of Gilbert in the way claimed by the State, then, in either such event, you should find the accused not guilty."

From these instructions, and others to the same effect, it must have been impossible for the jury to misapprehend the law upon this branch of the case. They were plainly informed that the State must prove beyond a reasonable doubt that the fall from the automobile caused the death of Gilbert in the manner claimed by the State, and that if this had not been done the accused was not guilty.

The defendant s counsel suggests that the proof of the cause of death in the present case was not by direct but by circumstantial evidence alone, and that such evidence must exclude every other reasonable hypothesis, and that to warrant a verdict of guilty the facts should not only be consistent with the prisoner's guilt, but inconsistent with any other rational conclusion.

Proof beyond a reasonable doubt is such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with

the prisoner's guilt and inconsistent with any other rational conclusion. "In any case, if the evidence is consistent with a reasonable hypothesis or supposition that the prisoner is innocent, there must be a reasonable doubt of his guilt; and the meaning of this phrase is substantially the same as that of the more usual and safe formula—in order to convict the accused in any case the jury must be satisfied of his guilt, by the evidence, beyond any reasonable doubt." *State* v. *Rome*, 64 Conn. 329, 333, 30 Atl. 57.

There is no error.

In this opinion the other judges concurred.