STATE OF CONNECTICUT *v.* ADOLPH J. SANTORO.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 7—decided November 7, 1941.

*Edward Mascolo,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (state).

BROWN, J. In this case the defendant was charged with committing the crime of attempt to procure a miscarriage in violation of General Statutes, § 6056. The court found the defendant guilty and he has appealed. The only error claimed is that upon all the evidence the court was not warranted in finding the defendant guilty as charged beyond a reasonable doubt.

Upon the evidence the court could properly have found these material facts. On June 3, 1940, the complainant Josephine Dellamonica, a married woman, was pregnant and was so advised by Dr. Booth, whom

she consulted. On June 21st she consulted the defendant, who was a licensed natureopath, concerning her condition, and asked him if she was pregnant. She gave a history of having missed her last period and said she suspected she was pregnant. The defendant thereupon made a physical examination. Subsequently she made six other visits to his office, on at least two of which her husband was with her. The first time he was present the defendant suggested that the husband purchase a catheter, which he did, showed it to the defendant who said it was all right, and gave it to the wife. Following her next visit to the defendant the complainant asked her husband to purchase another catheter, which he did. On at least one of her visits the defendant inserted in her body one of these catheters cutting off part of it, and told her to go home and to go to bed. As a result of the defendant's treatments a miscarriage was produced.

The defendant, testifying in his own behalf, related in detail what his examination of the complainant disclosed and the history which she gave including complaint of pain and spasm, and stated that upon the information so obtained his diagnosis was that she was not pregnant, but was suffering from metritis and stenosis of the womb with a consequent uterine congestion which had interrupted her regular periods. He testified that he inserted the catheter in the cervix to dilate it to relieve the pain and with no intention of performing an abortion. The determinative question, therefore, is resolved to whether or not the court was warranted upon all the evidence in finding beyond a reasonable doubt that the defendant had the guilty intent essential to conviction of the offense charged.

In urging that it was not, the defendant invokes the principle that in determining whether the evidence establishes guilt beyond a reasonable doubt, any con-

clusion, reasonably to be drawn from it, which is consistent with the innocence of the accused must prevail. *State* v. *Guilfoyle,* 109 Conn. 124, 139, 145 Atl. 761. Significant facts of which there was evidence relied upon by the defendant in support of his claim of the absence of a guilty intent are the following: entries under the date of the first visit of the complainant to his office of her name, of his diagnosis and of her payments, made in his desk book which he kept in his office with no attempt at concealment; the retention in his office likewise of the portion of the catheter not used; and his instructions to the complainant after treating her that in the event she became sick she should call a doctor to take care of her, notwithstanding he knew that it would be the duty of the doctor to report the situation if an abortion were involved. He also claims that upon the history given by the complainant to the defendant and the physical condition revealed by his examination, the diagnosis which he made of stenosis of the cervix and excluding pregnancy was a possible one, that dilation of the cervix to relieve the pain is proper treatment of stenosis, and that the defendant being but a natureopath cannot be held to the same standards of skill and expert knowledge as a doctor.

Assuming that the purport of the evidence relied upon should be construed to be as contended by the defendant for the purpose of applying the principle in question, his claim cannot prevail because of other evidence in the record that the defendant did have guilty intent. The complainant made six visits to the office of the defendant and he was paid $50 in four payments during the course of the treatment, the third payment being $35. The defendant himself testified that he knew what the result of inserting the catheter would be if the complainant was pregnant, and his

statement to the officer was that on the 27th and 28th of June "she came again and I cleaned the womb and she did not come around . . . ." This evidence, fortified by the testimony of Dr. Booth that in his opinion the sole purpose of inserting a catheter in a woman's cervix is to produce an abortion, makes clear that the trial court could have properly concluded that the contentions of the defendant went, at most, no farther than to raise a possible, as distinguished from a reasonable, doubt. As such it cannot avail the defendant. *State* v. *Gargano,* 99 Conn. 103, 105, 121 Atl. 657; *State* v. *Thomas,* 105 Conn. 757, 759, 136 Atl. 475.

There is no error.

In this opinion the other judges concurred.