STATE OF CONNECTICUT *v.* JOHN McDONOUGH.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

484

Argued October 9—decided December 28, 1942.

*John J. Sullivan, Jr.,* for the appellant (defendant).

*Edwin S. Pickett,* with whom, on the brief, was *Luke H. Stapleton,* for the appellee (state).

ELLS, J.   The defendant was charged with driving an automobile while under the influence of intoxicating liquor, in violation of General Statutes, § 1585. The state produced evidence and rested its case, whereupon the defendant also rested, claiming that the evidence did not establish his guilt beyond a reasonable doubt.   The trial court found him guilty as charged, and he has appealed.

The state must prove each of the two essential elements of the crime charged; if it fails to prove either one beyond a reasonable doubt, it has failed in its burden of proof.  *State* v. *Newman,* 127 Conn. 398, 400, 17 Atl. (2d) 774.   There is evidence that the defendant was under the influence of liquor when found in a stationary automobile; there is no direct evidence that he was or had been driving the car.   A policeman on duty in a squad car, at about 9:30 in the evening, saw an automobile against the highway fence with a wheel over a wire of this barrier.   The car was on its

right side of the road, the motor was not running, it was dark and the headlights were lighted. The weather was clear and dry. The officer investigated and found the defendant seated in the middle of the front seat, leaning toward the right, with one hand on the floor and the other on the dashboard, as though he was reaching or feeling for something. The officer asked him what happened and how he got there; upon receiving an unintelligible answer and smelling the odor of liquor, he "assumed" the defendant had been driving the car and arrested him. Witnesses who saw the defendant at the police station testified that he was under the influence of liquor. There was no evidence as to how long the car had been standing, who owned it, that the defendant had been seen driving it prior to the occurrence or that he could drive a car or had a driver's license. The defendant made no admissions to the police or to anyone else. Upon these facts it is a reasonable conclusion that a negligent driver had operated the car. It may be a fair guess that the defendant was the driver. It is the law of this state, however, that a man shall not be convicted upon mere suspicion. The state must prove guilt beyond a reasonable doubt, that is, by such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion; *State* v. *Block*, 87 Conn. 573, 577, 578, 89 Atl. 167; but this requirement does not mean that the proof must be beyond a possible doubt, and a possible supposition of innocence is a far different thing from a reasonable hypothesis. *State* v. *Guilfoyle*, 109 Conn. 124, 139, 145 Atl. 761.

It is true that when any circumstance offered in evidence is susceptible of two conclusions, one of which is in favor of guilt and one of innocence, the

trier is not bound to disregard such circumstance. It may take it into consideration in reaching its conclusion. It is entitled to draw all fair and reasonable inferences from the facts and circumstances which it finds established by the evidence. *State* v. *Murphy,* 124 Conn. 554, 562, 1 Atl. (2d) 274. This does not mean that the trier may adopt a supposition of guilt which is merely a possible one. It must be a fair and reasonable one. Nor may it adopt a possible supposition of innocence; it must be a reasonable one. Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused. *State* v. *Block,* supra, 577. We conclude that the evidence in the instant case does not exclude every reasonable supposition of the innocence of the defendant. A rational and reasonable conclusion would be that another person had driven the car and had gone to secure assistance in extricating the wheel from the wire. It follows that the evidence offered by the state, in and of itself, is insufficient to support the conviction of the defendant.

The state contends, however, that even if its evidence, standing alone, did not justify the court in reasonably concluding that the defendant was guilty of the crime charged beyond a reasonable doubt, the evidence plus the inference which the court could draw from his failure to testify in his own behalf did justify such a conclusion. The question immediately arises as to how much evidence the state must produce before the trier is permitted to apply the inference. Obviously the state must first produce some evidence of guilt. It could not rest its case without producing evidence, and, when the defendant rested, claim his failure to testify justified a conclusion of guilt. It is equally clear that the state could not produce evidence which merely pointed the finger of suspicion at the

defendant, and rely on his failure to testify to prove his guilt. In a civil case, before an inference from failure of a party to testify can be of avail the other party must have made out a case sufficient to shift the burden of going forward with evidence. "The inference drawn from the failure to testify does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale when the evidence is closely balanced." *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 657, 174 Atl. 67. "A party may legally sit inactive, and expect the proponent to prove his own case. Therefore, until the burden of producing evidence has shifted, the opponent has no call to bring forward any evidence at all. . . ." 2 Wigmore, Evidence (3d Ed.), p. 179, § 290 (5); see *Seney* v. *Trowbridge,* 127 Conn. 284, 288, 16 Atl. (2d) 573.

Certainly the test cannot be lower in a criminal case, where the presumption of innocence protects the accused until and unless the state has produced enough evidence to justify the trier in finding guilt beyond a reasonable doubt. The answer lies in adopting in a criminal case the same rule we have adopted in a civil case, that the state must produce a case where the evidence, apart from the inference, would be sufficient to go to a jury. 9 Wigmore, op. cit., p. 294. A case sufficient to go to a jury is one that has proceeded upon sufficient proof to that stage where it must be submitted to the jury, and not decided against the state as a matter of law. Thereupon, if the defendant fails to introduce evidence to overcome it, he merely takes the chance of an adverse verdict. If the state has supported its burden of proof, then the jury, or the court if the case is tried to the court, may throw the

inference arising from the failure of the accused to testify in his own defense into the scale to determine the ultimate question of guilt or innocence. It is the old distinction between burden of proof as it affects the obligation to offer testimony and burden of proof as it enters into the final decision. See *State* v. *Cunningham,* 25 Conn. 195, 202; *State* v. *Lapointe,* 81 N. H. 227, 236. Having already concluded that the state's evidence was insufficient to take the case to court or jury, it follows from what we have said that the trier could not use the inference arising from the failure of the defendant to testify for the purpose of supplying the deficiency in the state's evidence.

The state relies upon *State* v. *Ford,* 109 Conn. 490, 146 Atl. 828. There, no one saw the automobile strike the victim, but the state offered evidence that it was the defendant's car and that he was the driver. The girl was struck at about 8:15 in the evening. At 8:12 he was seen driving his car on that street and toward the place of the occurrence three-quarters of a mile away; at about 8:15 he and his car were seen on the same street about three hundred yards beyond the place of impact, with the glass of a headlight broken. A piece of glass was found on the ground near the stricken girl which fitted exactly into the broken headlight glass. The fact that the defendant did not take the stand as a witness in his own defense "strengthened" the conclusion of the trial court that he was guilty beyond a reasonable doubt. The defendant claimed that the court could not take that fact into consideration until the state had produced sufficient evidence, apart from it, to warrant a finding of guilt beyond a reasonable doubt. We held (p. 499) this not to be so, pointing out that the result of such a procedure would not differ perceptibly from a denial of the right of the trier to draw any inference from

the failure of an accused to testify. This may seem, upon a first reading, to be in conflict with the rule we have stated in the instant opinion. In reality, it is not, for we were dealing, in the *Ford* case, with the ultimate burden of persuasion, and not with the burden of proceeding. We did not there decide how much evidence the state must produce before the inference could be cast into the scale.

The defendant should be discharged. *State* v. *Newman,* supra.

There is error, the judgment is set aside and the case is remanded with direction to discharge the defendant.

In this opinion the other judges concurred.