The single question in this appeal is whether the court erred as a matter of law in concluding that the defendant was guilty of the crime charged beyond a reasonable doubt. No findings were made by the trial court because none were requested. This appeal, then, was presented to this court on the evidence in the transcript, which has been scrupulously examined.
The trial court could have reasonably found the following facts: At about 12:30 p.m. on Sunday, July 9, 1961, Leroy Houser and Donald Houser, brothers, parked a car in front of Mallozzi's Market on West Main Street in Stamford. They got out of the car and entered the market. Neither of them was carrying anything at the time. Approximately ten minutes later, Leroy Houser left the store carrying a package which he started to place in the front seat of the car. At this moment, two police officers who had observed what had happened approached Leroy Houser and examined the package. On the bottom of the package they found "a six-pack of Rheingold canned beer" and on top a box of Marton's frozen macaroni. Mallozzi's Market on the day in question had a grocery store beer permit. The defendant Olympia B. Mallozzi was the president of the business and the permittee.
The defendant took the stand and denied that the beer had been sold or dispensed to the Housers by her or by her two clerks; she testified that it was kept under lock and key and that she was the sole *Page 281 
possessor of the key. A police officer was permitted to state that Leroy Houser told him that Donald Houser had given the beer to him in the store. Only Officer Thomas Rowan was called as a witness by the state, and the defendant was called as the sole witness for the defense. The "six-pack of Rheingold canned beer" was not introduced into evidence as an exhibit. There was no testimony, expert or otherwise, that what was contained in the "six-pack of Rheingold canned beer" was an alcoholic liquor, although the court could have ordered it analyzed. General Statutes § 30-108.
The relevant portions of § 30-91, under which the defendant was charged, reads as follows: "The sale or dispensing of alcoholic liquor in places operating under . . . grocery store beer permits shall be unlawful on. . . Sunday. . . ." In determining guilt or innocence, the court is entitled to draw all fair and reasonable inferences from the facts and circumstances it finds established. State v. McDonough,129 Conn. 483, 486. The court here could have reasonably inferred that the "six-pack of Rheingold canned beer" was sold or dispensed to one of the Houser brothers on the day and date in question by the permittee and/or her agents, for whom she was responsible. However, though § 30-1
of the General Statutes defines "alcoholic liquor" as including beer, this section further states that the provisions of chapter 545, entitled "Liquor Control Act," shall not apply to any liquid or solid containing less than one-half of one percent of alcohol by volume. There was no evidence in the case to support the court's conclusion that "the six-pack of Rheingold canned beer" was an "alcoholic liquor" within the definition recited above. Not only were the cans not made an exhibit but the trier was not even afforded the opportunity of examining the descriptive labels, if any, for whatever weight he *Page 282 
might have felt inclined to give to that kind of evidence. On the basis of the transcripts, it was a mere conjecture that the cans were filled with anything at all, for proof that they were unopened is lacking. Upon all of the evidence presented, the trial court was unwarranted in concluding that the defendant was guilty of the crime charged beyond a reasonable doubt.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that she be discharged.
In this opinion McCARTHY and DiCENZO, Js., concurred.