STATE OF CONNECTICUT *v.* VARNOUARD HALL

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 7—decided December 19, 1973

*Thomas Corradino,* for the appellant (defendant).

*John F. Mulcahy, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

LOISELLE, J. The defendant, Varnouard Hall, was convicted in a jury trial of two counts of sale of narcotics in violation of General Statutes § 19-480 (a). The defendant's motion to set aside the verdict was denied by the trial court and from the judgment rendered thereon he has appealed.

The first assignment of error pursued in the defendant's brief is that the court erred in failing to grant his motion to set aside the verdict of guilty on both counts. This motion is to be tested by the evidence printed in the appendices. *State* v. *Cobbs,* 164 Conn. 402, 424, 324 A.2d 234; *State* v. *Kearney,* 164 Conn. 135, 136, 318 A.2d 100, and cases cited; *State* v. *Savage,* 161 Conn. 445, 451, 290 A.2d 221.

The evidence printed in the appendices to the briefs would permit the jury to find the following facts: On January 29, 1970, Francis DeGrand, an officer in the New Haven police department, was secreted in a vehicle in front of a store at 719 Congress Avenue in New Haven. The store was utilized in an undercover operation and was manned by Officers Frank Hawley and James Lucas. At about 10 a.m., while observing through a one-way window in the vehicle, DeGrand saw the defendant enter the store and talk to Hawley near the window, about six feet away from the vehicle. The defendant handed something to Hawley, who then handed money to the defendant. When the defendant left the store Hawley came directly to the truck, opened the door and threw four glassine bags on the floor. DeGrand thereafter drove to the office of the intelligence division where a Marquis reagent test indicated a narcotic was present in the contents of the bags. DeGrand then put the materials in an envelope, labeled, dated and clipped it, and put it in the police safe.

DeGrand resumed his post in front of the store. At about 12 o'clock noon he again saw the defendant engage in a conversation with Hawley on the street in front of the store. DeGrand observed the defendant hand an object to Hawley, who then handed

money to the defendant. As soon as the defendant turned to leave, Hawley held the object in the palm of his hand so that DeGrand could see it. Hawley then came directly to the rear of the truck, threw in six glassine bags, got into the front and drove off. A Marquis reagent test on the contents of these bags was once again positive, indicating the presence of narcotics. DeGrand placed the six bags in the same envelope as the four glassine bags obtained from the defendant in the morning, and then personally delivered the envelope to Abraham Stolman at the state toxicological laboratory in Hartford. On April 20, 1970, Theodore Siek, a toxicologist at the state laboratory, performed an analysis of the contents of the envelope and found that each glassine bag contained heroin. He brought the contents of the envelope to court at the time of the hearing.

Officer Lucas saw the defendant in the store at about 10 a.m. on January 29, 1970, in a conversation with Hawley. He also saw the defendant hand a package to Hawley and saw Hawley hand the defendant United States currency in return. Although the appendices do not state any reason for the failure of Hawley to testify, both briefs and the finding indicate that he was killed prior to the date of trial.

The defendant denied that he was in the area of the Congress Avenue store on the morning of January 29, 1970. He concedes that the question of identity turned solely on the issue of credibility and that he cannot maintain that the state failed to meet the burden on that element of the case. Counsel for the defense does argue that the state failed to prove the substance sold was heroin because: (1) Officer Hawley had died before trial and therefore did not testify; (2) neither Officer DeGrand nor Officer Lucas could identify what was handed to Hawley by

the defendant at the time of the alleged sales; (3) Hawley could have switched what was handed to him by the defendant to glassine bags during the time between the alleged sale and the time he threw them into the truck; and (4) Hawley was not searched at any time prior to, between or after his meetings with the defendant. "As has been said so often, proof beyond a reasonable doubt is such proof as precludes every reasonable hypothesis except that which it tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion. The requirement that evidence must be such as satisfies beyond a reasonable doubt 'does not mean that the proof must be beyond a possible doubt, and a possible supposition of innocence is a far different thing from a reasonable hypothesis.' *State* v. *McDonough,* 129 Conn. 483, 485, 29 A.2d 582; *State* v. *Santoro,* 128 Conn. 297, 299, 22 A.2d 793; *State* v. *Guilfoyle,* 109 Conn. 124, 139, 145 A. 761; *State* v. *Block,* 87 Conn. 573, 577, 89 A. 167." *State* v. *Smith,* 138 Conn. 196, 200, 82 A.2d 816; *State* v. *Kelsey,* 160 Conn. 551, 553, 274 A.2d 151. There was ample evidence to support the verdict of the jury that the defendant was guilty on each count beyond a reasonable doubt. The court was not in error in refusing to set aside the verdict on each count.

The second claim of error by the defendant is that the court erred in allowing into evidence the ten glassine bags of heroin and the envelope in which they were stored on the ground that the "possibility of mistaken identification was so great in this case that the various exhibits ought not to have been allowed into evidence." The state does have the burden of proof in the chain of custody issue; *State* v. *Johnson,* 162 Conn. 215, 232, 292 A.2d 903; and

the correctness of the court's evidential ruling is tested by the facts disclosed in its finding. The court found the following relevant facts: On two occasions on January 29, 1970, Officer Hawley threw bundles of glassine bags into the vehicle in which Officer DeGrand was present. On both occasions DeGrand thereafter placed the bundles of heroin in an envelope. After the second transaction, he personally delivered them to Stolman at the state toxicological laboratory. Both times when DeGrand placed the glassine bags in the envelope he mistakenly wrote "1/28/70" on the envelope as the date he received the bags.

On the envelope DeGrand had also written on a dotted line adjacent to the word "arrested" a first name which he crossed out and the last name "Hall." DeGrand had written "Vernaurd" on the next line beneath the crossed-out name. The scratched-out name was spelled "VERNA" and the last letter was possibly "N." A man named Vernon Jones was arrested as a result of the undercover narcotics investigation involving Hawley.

Theodore Siek testified, without objection, from laboratory records that the laboratory received the police envelope on January 29, at 2:20 p.m. The envelope, in accordance with normal laboratory procedures, was signed for by Stolman, assigned a number, and placed in a locked cabinet. Siek removed the envelope from the cabinet on April 20, 1970, to analyze its contents. From April 20, 1970, to the date of trial, the envelope and its contents remained in the laboratory evidence room. Siek brought the envelope and its contents with him to the courthouse. DeGrand also testified that he could identify the envelope and the very bags given him by Hawley.

The state is not compelled to prove each and every circumstance in the chain of custody beyond a reasonable doubt; the reasonable doubt must be to the whole evidence and not to a particular fact in the case. *State* v. *Johnson, supra.* "There is no hard and fast rule that the prosecution must exclude or disprove all possibility that the article or substance has been tampered with; in each case the trial court must satisfy itself in reasonable probability that the substance had not been changed in important respects. . . . The court must consider the nature of the article, the circumstances surrounding its preservation and custody and the likelihood of intermeddlers tampering with it in making its determination; and there is no rule which requires the state to produce as witnesses all persons who were in a position to come into contact with the substance sought to be introduced in evidence. . . . The ruling of the trial judge may not be overturned except for a clear abuse of discretion." *State* v. *Johnson,* supra, 232–33; see *State* v. *Brown,* 163 Conn. 52, 56–57, 301 A.2d 547. In the present case there was no affirmative showing that the ten glassine bags of heroin were tampered with, or that there was insufficient proof as to the identification and nature of the contents of the ten bags of heroin that were seized. The court did not abuse its discretion in admitting the envelope and the ten glassine bags of heroin into evidence.

Prior to testifying, the defendant moved that the court bar his impeachment on credibility because of prior narcotics felony convictions and, alternatively, moved that if impeachment were permitted, mention of the nature of the conviction be prohibited. The court denied the motion and an exception was noted. On direct examination, the defendant ad-

mitted to his previous narcotics convictions, presumably as a tactical procedure, rather than allow the jury to learn of his record during cross-examination by the state. The court charged a clear and explicit cautionary instruction on the limited purpose for which the evidence was admitted.

It is well established that witnesses may be impeached by proof of prior conviction of crimes for which imprisonment may be more than one year. General Statutes § 52-145; *State* v. *Guthridge,* 164 Conn. 145, 157, 318 A.2d 87; *State* v. *Bitting,* 162 Conn. 1, 8-9, 291 A.2d 240; *State* v. *Delgado,* 161 Conn. 536, 540, 290 A.2d 338, vacated in part and remanded (on other grounds), 408 U.S. 940, 92 S. Ct. 2879, 33 L. Ed. 2d 764, 163 Conn. 641, 297 A.2d 75; *State* v. *Marquez,* 160 Conn. 47, 273 A.2d 689; *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 469-72, 208 A.2d 341. In both *State* v. *Bitting,* supra, and in *State* v. *Marquez,* supra, § 52-145 and the authorities on this issue were discussed in detail and no useful purpose will be served by repeating what was said in those cases. There was no error in this ruling of the trial court.

On direct examination Officer Lucas, a witness for the state, testified only as to the narcotics transaction between the defendant and Officer Hawley and as to his own activities and observations on January 29, 1970. On cross-examination, counsel for the defendant sought to question Lucas regarding the manner in which stolen goods transactions were made. The state objected on the ground that the direct examination was restricted to January, 1970, when the emphasis was on the sale of narcotics. Defense counsel then stated that the previous witness, another officer, had testified that the emphasis

of the investigation had shifted from stolen goods to sale of narcotics. The state's attorney admitted that this was true but indicated that Lucas had not been examined about the stolen goods investigation. The court sustained the objection and an exception was noted.

No claim is made that the cross-examination went to credibility but only that the question went to the problem of identification and the nature of the transaction testified to on direct. The scope of ordinary cross-examination, where, as here, there is no attack on the credibility of the witness, is limited by the scope of the direct examination. *State* v. *Manning,* 162 Conn. 112, 116, 291 A.2d 750; *Grievance Committee* v. *Dacey,* 154 Conn. 129, 150, 222 A.2d 339, appeal dismissed, 386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404, rehearing denied, 387 U.S. 938, 87 S. Ct. 2048, 18 L. Ed. 2d 1006; *Mendez* v. *Dorman,* 151 Conn. 193, 198, 195 A.2d 561; *Finch* v. *Weiner,* 109 Conn. 616, 619, 145 A. 31. If the defendant wished to extend the scope of his cross-examination beyond that covered in direct examination, he should have made the witness his own. *Grievance Committee* v. *Dacey,* supra, 151. The ruling of the court excluding the question was properly made.

The remaining assignments of error were not briefed and are considered abandoned. *State* v. *Brown,* supra, 55; *Holt-Lock, Inc.* v. *Zoning & Planning Commission,* 161 Conn. 182, 184, 286 A.2d 299.

There is no error.

In this opinion the other judges concurred.