### STATE OF CONNECTICUT *v.* ANTHONY SAIA

House, C. J., Cotter, Shapiro, MacDonald and Bogdanski, Js.

Argued October 9—decision released November 5, 1974

*James M. Diorio,* assistant public defender, with whom, on the brief, was *Herbert J. Bundock,* public defender, for the appellant (defendant).

*Walter D. Flanagan,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

SHAPIRO, J. The defendant was charged in an information with the crime of arson in the first degree in violation of General Statutes § 53a-111.[1] After a trial by jury, he was found guilty. The defendant's motion to set aside the verdict was denied by the trial court and from the judgment rendered thereon he has appealed to this court.

The first assignment of error pursued by the defendant in his brief is that the court erred in failing to grant his motion to set aside the verdict of guilty because it is contrary to the law and the evidence. This claim is tested in light of the evidence printed in the appendices to the briefs. *State* v. *Johnson,* 166 Conn. 439, 440, 352 A.2d 294; *State* v. *Mullings,* 166 Conn. 268, 269, 348 A.2d 645; *State* v. *Hall,* 165 Conn. 599, 601, 345 A.2d 17; *State* v. *Benton,* 161 Conn. 404, 406, 288 A.2d 411; *State* v. *Cobb,* 159 Conn. 31, 32, 266 A.2d 393. As to the motion to set aside the verdict, the evidence must be given a construction favorable to sustaining the jury's verdict; *State* v. *Raffone,* 161 Conn. 117, 121, 285 A.2d 323; but the verdict must be set aside if the evidence is insufficient to justify the jury in finding guilt beyond a reasonable doubt.

[1] "[General Statutes] Sec. 53a-111. ARSON IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of arson in the first degree when, with intent to destroy or damage a building, he starts a fire or causes an explosion, and (1) at the time, another person is present in such building or is so close to such building as to be in substantially the same danger as a person in such building would be, and (2) the actor is either aware that a person is present in or close to such building, or his conduct manifests an indifference as to whether a person is present in or close to such building. . . ."

*State* v. *Kelsey,* 160 Conn. 551, 553, 274 A.2d 151; *State* v. *McGinnis,* 158 Conn. 124, 129, 256 A.2d 241.

The evidence printed in the appendices to the briefs would permit the jury to find the following facts: On Sunday, October 3, 1971, No. 662 Noble Avenue, Bridgeport, was a three-story, six-family building. Stanley J. Krysinski occupied the second- and third-floor apartments of the building and was half-owner of it. The first-floor apartment, which had just been remodeled, was unoccupied and had been locked the night before. The other half of the building was occupied by three other families. Sometime before 10:00 a.m., Krysinski heard an explosion and the slamming of a door. He ran to the front door and found the hall full of smoke. He also observed that the door to the first-floor apartment was open and there were flames around the kitchen border, the baseboard of the bedroom and living room. The paneling in the kitchen and the bedroom baseboard were charred. An outside window was open although it had been closed the night before. He observed two jars or jugs, not there the previous evening, one in the bathroom and one in the living room. The jars had no caps on them but did have metal rings on their necks.

A neighbor, Anthony Pereirra, sometime after 9:00 a.m. on the morning of October 3, 1971, while walking in his driveway in the direction of the Krysinski house, observed smoke and flames and saw a man run out of the first-floor apartment, jump the porch steps and continue down Noble Avenue. Pereirra ran after the man who hid in the bushes and who then crawled along other bushes behind a fence. Minutes later, the fleeing man was identified by this neighbor as the defendant.

Sergeant Walter Potz of the Bridgeport police department, on Sunday church traffic duty, saw the defendant being pursued by Pereirra. The sergeant then gave chase to the defendant by auto and on foot and took him into custody on the spot where he was hiding. One Mitchell R. Dixon, who was in the area, was also taken into custody. The sergeant went to the Krysinski premises involved in the fire, where he observed two green bottles each having a ring around its top. Upon examination of the bottles he determined the presence of gasoline odor. Officer Robert Yarasavich of the Bridgeport police department searched the defendant at police headquarters and found in his right-hand pocket a bottle cap which had a very strong odor of gasoline. He also found a cigarette lighter.

Dixon was arrested for an arson incident on October 3, 1971. He testified that he knew the defendant and on October 2, 1971, was with the defendant. The defendant and one Donald Michelle were talking in his presence. Two wine bottles which had been sitting for a couple of weeks in Michelle's house, similar to those found in the Krysinski apartment, were placed in the trunk of a car by the defendant and Michelle. Dixon, the defendant and Michelle then went to a gasoline station where the two bottles were filled with gasoline. The three men rode around and then the bottles were placed in another car. On October 3, 1971, Dixon went with the defendant in the car in which the bottles had been ultimately placed. The defendant drove to a location and then he and Dixon left the car. They both looked at the Krysinski house. The defendant then went into the left entrance door. Dixon remained outside and then heard the defendant

whistle to him. He saw the defendant's head and face at the side window. Dixon then handed the defendant the two bottles containing the gasoline. Dixon then went back to the corner and thereafter heard a big explosion and saw the defendant running up the street.

The Bridgeport deputy fire chief was in charge of investigating the fire. He saw a thin ribbon of some flammable fluid floating on water. There was fire along the living room baseboard and cartons of floor tile were still burning. He determined that there were three separate and distinct origins of fire in the apartment and that the fire was of incendiary origin.

There was testimony from Sergeant James E. McDonald of the state police department, assigned to firearm, bullet and other identification in the police laboratory, whose qualifications in the field of identification are extensive. He conducted an investigation to determine whether there was a connection between the cap and either of the rings of foil around the neck of each bottle. After laboratory analysis and microscopic examination he was of the opinion that the cap taken from the defendant and the ring removed from one of the bottles were positively one piece before they were separated.

On the basis of this evidence, which was submitted for their consideration, the jury could reasonably and logically find that the defendant Anthony Saia was guilty as charged. There was no error in the refusal of the court to set aside the verdict as contrary to the evidence and contrary to the law.

The defendant assigns error in certain rulings made by the trial court. Basically, the claim of error

concerns the refusal by the court to allow evidence of the activities of the defendant's "Concerned Citizens Committee." As stated in his brief, the defendant claims that his purpose was to try to impeach certain police witnesses by showing motive for their testimony. A review of the evidence contained in the defendant's appendix to his brief discloses that the questioning by defendant's counsel of two of his witnesses related to whether the defendant ever distributed literature in court; whether, during the morning of October 3, 1971, the defendant had a camera with him; and whether the "Concerned Citizens" ever engaged in activities in the area of the Circuit Court. This evidence was excluded by the court as being irrelevant.

The trial court has a wide discretion in its rulings on the relevancy of evidence. *State* v. *Carnegie,* 158 Conn. 264, 273, 259 A.2d 628, cert. denied, 396 U.S. 922, 90 S. Ct. 488, 24 L. Ed. 2d 455; *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473. See *State* v. *Lombardo,* 163 Conn. 241, 243, 304 A.2d 36, and cases cited therein. The trial court was correct in refusing to allow into evidence the testimony sought to be introduced by the defendant because the defendant had not properly established a foundation for the introduction of the evidence since the defendant on his cross-examination of police witnesses failed to establish that they knew Saia and such proof was necessary before the defendant could be allowed to put on extrinsic evidence of the policemen's motives for arresting Saia.

The remaining assignments of error were not briefed and are considered abandoned. *State* v. *Mullings,* 166 Conn. 268, 280, 348 A.2d 645; *State*

v. *Hall*, 165 Conn. 599, 607, 345 A.2d 17; *State* v. *Brown*, 163 Conn. 52, 55, 301 A.2d 537; Maltbie, Conn. App. Proc. § 327.

There is no error.

In this opinion the other judges concurred.