STATE OF CONNECTICUT *v.* TOUSSAINT ADAMS

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 13

Argued April 8—decided May 28, 1975

*Donald H. Clark,* for the appellant (defendant).

*Herbert E. Carlson, Jr.,* assistant prosecuting attorney, for the appellee (state).

SPONZO, J. The defendant, after a trial to the court, was found guilty of larceny in the second degree in violation of General Statutes § 53a-123 and has appealed from the judgment. In response to the defendant's request, the court filed a finding to which the defendant addressed a motion to correct. That motion, although the finding was corrected in minor detail, was denied in substance. On the appeal, the defendant filed several assignments of error. The principal claim is that the state failed to sustain its burden of proof of guilty beyond a reasonable doubt.

Before considering the principal assignment of error, we shall comment briefly on two assignments of error, namely, that the court refused to strike several findings and to add other facts requested by the defendant. Practice Book § 570C provides that in an appeal by a defendant in a criminal case tried to the court, the defendant may assign as error that he was not, on all the evidence, guilty beyond a reasonable doubt; and in such a case, the evidence to support the assignment shall be filed as though error were claimed in a refusal to set aside a verdict, and no finding by the court is necessary. *State v. Salvaggio,* 152 Conn. 716, 717. The principal assignment of error raises the pertinent question whether on all the evidence, the court was justified in finding the defendant guilty beyond a reasonable doubt and makes unnecessary a consideration of

those two assignments of error. We have given consideration to the finding, however, for the purpose of showing the specific facts found by the court on conflicting evidence.

The evidence and the inferences which could reasonably and logically have been drawn by the court may be stated as follows: On November 21, 1973, at approximately 8 to 9 p.m., the defendant and Fred Burgos went to the apartment of the complaining witness, Aldene Burton, who was a friend of the defendant's sister. During that visit the defendant talked about an investment which he was going to make, and Burton indicated that he might be interested if the investment were sound. At that point, Burton took his wallet from his pocket and flashed a large amount of money. Shortly thereafter, the defendant and Burgos left that apartment, located on Lester Street, New Britain, and patronized a bar for the next several hours, during which time they consumed several beers. Burton, who occupied the apartment with his brother, who was away that night, retired at 2 a.m. on November 22, 1973, and had placed his trousers, containing his wallet with $850 in it, on a chair at the foot of his bed. At 4 a.m. on November 22, 1973, the defendant and Burgos knocked on the door of Burton's apartment. Burton answered the knock and invited both into his bedroom. Burton then retired to his bed, and a conversation about trivial matters took place. The defendant went to Burton's refrigerator for a couple of cans of beer, one for himself and one for Burgos. He immediately returned to the bedroom and stood at the foot of the bed. Burton saw the defendant holding his pants at the top and then dropping them, although he had never given him permission to touch them. Burton never saw the defendant take anything out of his trousers, nor did he see him touch or take the wallet or money.

Within five to fifteen minutes after arriving at Burton's apartment, both the defendant and Burgos left. At no time did Burton see Burgos, who was standing alongside the bed, in possession of his pants. During the stay of the defendant and Burgos, Burton was half-drowsy. After both left the apartment, Burton went back to sleep and did not awake until 9 a.m., at which time he discovered that his wallet with the money was missing. After searching his apartment, which was securely locked and to which only he and his brother had keys, he went outside and found the wallet without the money in front of his house. The wallet was wet because it had been raining during the night.

It is conceded by all parties that the state's case is based on circumstantial evidence. There is no legal distinction between direct or circumstantial evidence so far as its probative value is concerned. *State* v. *Benton,* 161 Conn. 404, 410. The fact that the conviction of the defendant resulted from circumstantial evidence does not mean that the state did not present a strong case. The court stated in *State* v. *Smith,* 156 Conn. 378, 382: " 'The law recognizes no distinction between circumstantial evidence and direct evidence so far as probative force is concerned. If evidence, whether direct or circumstantial, should convince a jury beyond a reasonable doubt that an accused is guilty, that is all that is required for a conviction. *State* v. *Colonese,* 108 Conn. 454, 460 . . . ; *State* v. *Rome,* 64 Conn. 329, 334 . . . . As has been said so often, proof beyond a reasonable doubt is such proof as precludes every reasonable hypothesis except that which it tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion. The requirement that evidence must be such as satisfies beyond a reasonable doubt "does not mean that the proof must be beyond a

possible doubt, and a possible supposition of innocence is a far different thing from a reasonable hypothesis." *State* v. *McDonough,* 129 Conn. 483, 485 . . . ; *State* v. *Santoro,* 128 Conn. 297, 299 . . . ; *State* v. *Guilfoyle,* 109 Conn. 124, 139 . . . ; *State* v. *Block,* 87 Conn. 573, 577 . . . .' *State* v. *Smith,* 138 Conn. 196, 200 . . . ."

The conviction of larceny in the second degree cannot be precluded because no one actually saw the defendant remove the wallet and money from Burton's trousers and out of the apartment. There was ample evidence to support the conclusion of the court that the defendant was guilty beyond a reasonable doubt.

The last assignment of error, concerning the sentence of the defendant, was not briefed and is considered abandoned. Practice Book § 572C; *State* v. *Saia,* 167 Conn. 286, 291; *State* v. *Brown,* 163 Conn. 52, 55; Maltbie, Conn. App. Proc. § 327.

There is no error.

In this opinion BARBER and SPEZIALE, Js., concurred.