## State of Connecticut *v.* Daniel Marquez

Alcorn, C. J., House, Thim, Ryan and Barber, Js.

Argued October 13—decided November 10, 1970

*Richard E. Maloney,* assistant public defender, for the appellant (defendant).

*Joseph F. Skelley, Jr.,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

ALCORN, C. J. The defendant was convicted by a jury of the crime of manslaughter and has appealed from the judgment rendered on the verdict. The only errors pursued on the appeal are a ruling on evidence and the denial of the defendant's motion to set aside the verdict on the ground that it was not supported by the evidence.

During the trial the accused chose to testify in his own behalf and, on cross-examination the state asked: "Mr. Marquez, weren't you convicted of manslaughter in the first degree on June 10 of 1960, in New York for which you served seven and a half to thirteen years in Sing Sing Prison?" The defendant answered "Yes". Defense counsel immediately objected and asked to be heard. The court excused the jury and the subsequent discussion and ruling of the court occurred in the absence of the jury. No motion to strike the answer was made.

General Statutes § 52-145 provides, in pertinent part, that "[n]o person shall be disqualified as a witness in any action by reason of his interest in the event of the same as a party or otherwise, . . . or of his conviction of crime; but such interest or conviction may be shown for the purpose of affecting his credit." The state claimed the question and

answer to be admissible for the purpose of affecting the defendant's credibility on the ground that he had been convicted of a felony. There is no dispute that the crime was a felony, and that it was one which we have held to be admissible under § 52-145 for the purpose of affecting the witness' credibility. *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 469, 208 A.2d 341; *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 508, 111 A. 861.

The defendant objected to the admissibility of the evidence on three grounds: (1) that proof of the conviction could be established only by offering an exemplified copy thereof; (2) that the defendant had pleaded guilty to the charge inquired about and that such a plea did not amount to a conviction of the crime; and (3) that in order to be admissible to affect credibility the conviction had to be of a crime which involved a lack of veracity. The court overruled the objection and the defendant duly excepted.

On the appeal, the defendant does not pursue the grounds of objection which were stated to and ruled upon by the trial court but, instead, indulges in an argument concerning the possible prejudicial effect of disclosing the defendant's prior criminal record to the jury which, he asserts, required the trial judge, under § 52-145, to exercise a discretion to exclude the evidence as prejudicial. Reliance is placed primarily on a decision of the United States Court of Appeals for the District of Columbia Circuit which turned, in part, upon District of Columbia Code § 14-305 (1961), which provided that "[n]o person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of a crime, but such fact may be given in evidence to affect his credit as a witness . . . ." *Luck* v. *United States,* 348 F.2d 763, 768 (D.C. Cir.). In that case a

divided court seemed to say (p. 768) that the statute, by its wording, was intended to confer upon the trier the discretion to allow impeachment by prior conviction by leaving room for "the operation of a sound judicial discretion to play upon the circumstances as they unfold in a particular case." Judge Danaher, in his dissenting opinion in that case, says, and we think correctly, that the statute only "tells the trier the fact of conviction *is* evidence, and it *is* to be received" although he does "not reject the principle that the trial judge may exercise a broad discretion with reference to cross-examination in certain impeachment situations." Id., 771. Judge (now Chief Justice) Burger, in *Gordon* v. *United States,* 383 F.2d 936, 939 (D.C. Cir.), said that "[t]he test of *Luck,* however, is that to bar them [prior convictions] as impeachment the court must find that the prejudice must 'far outweigh' the probative relevance to credibility, or that even if relevant the 'cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction.'" He indicated that the trial judge's discretion should be exercised to bar a prior conviction remote in time, a prior conviction for a crime involving the same or substantially the same conduct for which the accused is on trial, and a prior conviction which does not rest on dishonest conduct related to credibility.

The United States Court of Appeals for the Second Circuit has refused to overrule cases holding that when a defendant voluntarily becomes a witness in his own behalf, his credibility may be impeached by evidence of previous convictions in the same manner as any other witness. *United States* v. *Palumbo,* 401 F.2d 270 (2d Cir.), cert. denied, 394

U.S. 947, 89 S. Ct. 1281, 22 L. Ed. 2d 480; *United States* v. *Cacchillo,* 416 F.2d 231, 234 (2d Cir.). After a detailed discussion of the problem that court has adopted a more limited rule than *Luck* with respect to the discretion of the trial judge to admit or exclude evidence of a prior conviction to impeach a defendant and has held that a trial judge may bar the use of a prior conviction to impeach a defendant "if he finds that a prior conviction negates credibility only slightly but creates a substantial chance of unfair prejudice, taking into account such factors as the nature of the conviction, its bearing on veracity, its age, and its propensity to influence the minds of the jurors improperly." *United States* v. *Palumbo,* supra, 273.

A number of states have taken the position that statutes similar to our own do not vest in the trial judge any discretion to exclude prior convictions when offered to affect credibility. See *State* v. *West,* 285 Minn. 188, 173 N.W.2d 468; *People* v. *Gilmore,* 118 Ill. App. 2d 100, 254 N.E.2d 590; *State* v. *Hawthorne,* 49 N.J. 130, 228 A.2d 682.

The tenor of the defendant's argument seems to be that § 52-145 is the vehicle which confers on the trial court discretion to admit or reject evidence of prior convictions for the purpose of affecting the credibility of the witness. The statute has no such purpose. The statute and its predecessors were designed and intended to remove the disqualification of a witness which existed at common law because of a conviction of a crime, with the proviso, however, that such conviction might, nevertheless, be shown to attack his credibility. *State* v. *English,* 132 Conn. 573, 580, 46 A.2d 121.

The discretion of the trial judge to exclude prejudicial matter in a criminal case goes much beyond

the area of the law embraced in § 52-145. See Model
Code of Evidence rule 303. It has long been the law
in this state that inquiries on cross-examination are
"in a measure, discretionary with the trial court".
*Spiro* v. *Nitkin,* 72 Conn. 202, 205, 44 A. 13. The
trier is often called upon to weigh the question
whether the prejudicial tendency of evidence out-
weighs its probative value. In a criminal trial,
evidence which tends to prove the commission of
other crimes by the accused does not render it
inadmissible if it is otherwise relevant and material.
See *State* v. *Holliday,* 159 Conn. 169, 172, 268 A.2d
368. Other examples might be recited. See *State* v.
*Harris,* 159 Conn. 521, 531, 271 A.2d 74. It is
enough to say that the trial judge is the arbiter of
the many circumstances which may arise during a
trial in which his function is to assure a fair and
just outcome. We believe that if a defendant testifies
and, thereafter, evidence of a prior conviction is
offered under circumstances in which its prejudicial
effect far outweighs its materiality and relevancy
on the issue of credibility in a criminal trial its
admissibility should be determined by the exercise
of a sound judicial discretion.

Returning, however, to the specific issues raised
by this appeal, the argument which is now made by
the defendant fails, first, because the claim which he
now advances was never made to or passed upon by
the trial court. We do not, on appeal, attempt to
determine the rightness or wrongness of a proposi-
tion which was never suggested to or passed upon
by the trier. In the second place, the grounds of
objection which were in fact made are without merit.
It is well established that when a defendant takes the
stand and testifies in his own behalf he may be
cross-examined concerning prior convictions for the

purpose of impeaching his credibility as a witness in the same manner as any other witness. *Spencer v. Texas,* 385 U.S. 554, 87 S. Ct. 648, 17 L. Ed. 2d 606. The first ground of objection made by the defendant, namely, that his credibility must be attacked by offering in evidence a record of the conviction is without merit. *State v. English,* supra, 579–82. The second ground of objection, namely, that a plea of guilty does not establish a conviction of crime to make it admissible under § 52-145 has been declared invalid in *State v. Jenkins,* 158 Conn. 149, 156, 256 A.2d 223. The third ground of objection, namely, that the crime involved did not affect veracity is sufficiently disposed of in *Heating Acceptance Corporation v. Patterson,* 152 Conn. 467, 472, 208 A.2d 341. The court did not err in admitting the evidence concerning the defendant's prior conviction to affect his credibility.

An examination of the evidence submitted in the appendices to the briefs discloses that there is no merit to the claim that the verdict was unsupported by the evidence.

There is no error.

In this opinion the other judges concurred.