STATE OF CONNECTICUT *v.* JASPER T. PARKER

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued June 2—decided August 13, 1971

*William F. Gallagher,* for the appellant (defendant).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SHAPIRO, J. The defendant Jasper T. Parker was found guilty by a jury which tried him on a charge of robbery with violence.[1] General Statutes § 53-14. Thereafter, he pleaded guilty to the charge of being a second offender. The court imposed sentence and the defendant has appealed. In his brief, the defendant has expressly abandoned all of his assignments of error except one. The assignment of error that he pursues in his brief relates to a ruling on evidence. In view of our determination on the claim of error assigned and pursued by the defendant, a new trial will be required.

On March 5, 1968, a hearing in probable cause was held in the Circuit Court on the charges made against the defendant. At this hearing Donna Roberts testified in behalf of the defendant. Before the trial of this case in the Superior Court, Donna Roberts died. During the trial, the defendant offered in evidence a verified copy of her testimony taken at the probable cause hearing for the purpose of proving an alibi. The defendant claimed "that it was admissible as an exception to the hearsay rule in that it was given at a 'preliminary hearing' of this case, under oath, and with an opportunity afforded to the State to cross-examine, and because of her

---

[1] In addition to the charge of robbery with violence, the information also charged the defendant with the crime of assault with intent to murder. This latter charge was withdrawn by the state and, thus, is of no consequence here.

death the witness could not be produced." On objection by the state, the court ruled that "the transcript of testimony of Donna Roberts given at the Circuit Court hearing in probable cause was not admissible in evidence due to the absence of an identity of issues in the two proceedings, because the issue in the Circuit Court was whether the State had adduced sufficient facts to warrant a finding of probable cause, and the issue on the trial of this case in the Superior Court is whether the defendant is guilty beyond a reasonable doubt of the crimes charged. Where the issue is only probable cause the prosecuting attorney does not have the same interest in cross-examining an alibi witness as does the attorney for the State upon a trial on the issue of guilt or innocence. In fact, at the probable cause hearing in question, the prosecuting attorney asked only two questions on cross-examination, neither of which had any relationship to the witness' substantive testimony."[2] To this ruling the defendant duly excepted.

It is true, as the trial court recognized, that at a probable cause hearing the ultimate issue is whether there is probable cause to believe that an offense has been committed and that the defendant has committed it. See General Statutes § 54-76a. It is also true that the ultimate issue at a criminal trial is the guilt or innocence of the defendant. Furthermore, as the state argues in its brief, a probable cause hearing under § 54-76a is an inquest, and the finding of probable cause is not final and it cannot be used against the accused on trial. *State* v. *Stallings,* 154 Conn. 272, 277–78, 224 A.2d 718.

---

[2] The following consists of the entire cross-examination of Donna Roberts by the prosecutor: "Q. What is your relationship to Mr. Parker? A. We are friends. Q. Are you his girl friend? A. Yes."

Courts are organized for the purpose of arriving at the truth of controverted issues properly before them. Section 54-76a provides, in part: "In a hearing in probable cause the rules of evidence shall apply as if such hearing were a jury trial. The defendant shall be called upon to plead in such hearing and if he waives examination, the judge shall forthwith hold him to answer in the appropriate court. If the defendant does not waive examination, the judge shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the judge that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall forthwith hold him to answer in the appropriate court; otherwise the judge shall discharge him." Thus, it is apparent from the provisions of § 54-76a that the hearing in probable cause is procedurally identical to a trial in that the rules of evidence apply, not only to the state but also to the defendant. Each party may introduce evidence and each is afforded the right of cross-examination. While the end result of a probable cause hearing differs from the end result of a trial in that there is a discharge or a binding over rather than an acquittal or a conviction, the testimony given at a probable cause hearing has the identical safeguards to insure reliability and trustworthiness as the testimony given at the trial. Furthermore, although the ultimate issues of a probable cause hearing and a criminal trial of a defendant are not identical, the substantive issues at both are substantially the same where the offense for which a defendant is subsequently tried is the identical offense in issue at a hearing in probable

cause. We do not require the admissibility of former testimony to be dependent on an exact identity of issues but do require a substantial identity of issues. *In re Durant,* 80 Conn. 140, 152, 67 A. 497.

As already recited, the trial court found essentially that the prosecuting attorney at a hearing in probable cause does not have the same interest in cross-examining an alibi witness as does the attorney for the state on a trial because, at the former, the burden of proof placed on the prosecuting attorney is that of proving probable cause while, at the latter, the burden of proof placed on the state is proving the defendant guilty beyond a reasonable doubt. "An insistence upon the equivalent of a present opportunity to cross-examine disregards the other elements of special reliability in former testimony such as the oath, the solemnity of the occasion, and in the case of transcribed testimony, the accuracy of reproduction of the words spoken." McCormick, Evidence, p. 481. "The extent of cross-examination, whether at a preliminary hearing or at a trial, is a trial tactic."[3] *United States* v. *Allen,* 409 F.2d 611, 613 (10th Cir.) ; see *Commonwealth* v. *Mustone,* 353 Mass. 490, 493–94, 233 N.E.2d 1. The state had an adequate opportunity to conduct a full and complete cross-examination of Donna Roberts at the hearing in probable cause. We believe that the test is the opportunity for full and complete cross-examination rather than the use made of that opportunity. See *United States* v. *Allen,* supra. If the state failed fully to cross-examine her at the probable cause hearing, it neces-

---

[3] It is to be noted that while the prosecuting attorney limited his cross-examination of Donna Roberts, he conducted a lengthy cross-examination of another witness called on behalf of the defendant at the hearing in probable cause.

sarily assumed the risk that she would die in which event her testimony could be admitted at the trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.