STATE OF CONNECTICUT *v.* VERNON JONES

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and BOGDANSKI, Js.

 

Argued June 11—decision released August 27, 1974

*Catherine G. Roraback,* special public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellee (state).

COTTER, J. The defendant, Vernon Jones, on a jury trial was convicted of two counts of selling

heroin in violation of § 19-480 (a)[1] of the General Statutes, and entered a plea of guilty to the second part of the original information charging him with the crime of being a second offender in violation of General Statutes § 54-118. A motion to set aside the verdict was denied by the trial court and from the judgment rendered thereon he has appealed, assigning error in the court's failure to adopt a paragraph of his draft finding; in certain evidentiary rulings of the court; and in a portion of its charge to the jury.

The state offered evidence to prove and claimed to have proved the following facts: In January, 1970, Detective Francis DeGrand, a member of the New Haven police department who had been assigned to the gambling and narcotics division for the previous two years, was assigned to the intelligence division to work with Officer Hawley in an undercover operation at a variety store at 719 Congress Avenue. On January 19, 1970, DeGrand was secreted in a Volkswagen bus, with one-way glass on all four sides, parked directly in front of and approximately ten feet away from the store, when he saw the defendant enter the store and engage Hawley in a short conversation. There were no other customers in the store when the defendant entered, although prior to his entrance DeGrand had witnessed approximately fifteen to twenty people go in and out of the store to make purchases of bread, soda or candy. He had seen the defendant three or four times prior to this date and knew what he looked like. After the conversation, the defendant handed a plastic bag to Hawley, who

---

[1] Section 19-480a (Public Acts 1971, No. 812, § 1; as amended by Public Acts 1972, No. 278, § 25) was inadvertently typed in the substitute information. It is clear that the defendant was not misled and the mistake at most was harmless.

then gave some money to the defendant. The accused left the store and thereafter Hawley threw the plastic bag into the bus where it was examined by DeGrand who ascertained that it contained four bundles of fifteen glassine bags for a total of sixty glassine bags. DeGrand returned to his office at police headquarters and performed a Marquis reagent test which indicated the presence of a narcotic substance in the white powder contained in the two bags tested. He then discarded the plastic bag, placing the contents in an envelope, the front of which identified the person arrested as Vernon Jones and its contents as "Sixty Glassine bags of white powder." He clipped the envelope, dated it "January 20, 1970," although the transaction had occurred on January 19, 1970, and locked it in the police department safe. Two of the sixty glassine bags had been expended in performing the Marquis reagent test. The next day, January 20, 1970, the envelope was personally removed by DeGrand from the safe and delivered to the state toxicological laboratory in Hartford where it was found to contain fifty-eight glassine bags.

On January 27, 1970, from inside the bus at the same location, DeGrand witnessed another transaction between the defendant and Hawley, which resulted in Hawley's throwing three separate packages of fifteen glassine bags into the bus. On this occasion there were no other customers in the store when the defendant entered. DeGrand returned to his office and performed a Marquis reagent test on the contents of one of the bags which showed the presence of a narcotic substance. He placed the bags in an envelope, marked it as he had marked the other envelope, although he wrote the actual date of the transaction thereon, locked it in the police safe and,

a day or two later, delivered it to the state toxicological laboratory in Hartford. The tests performed at the laboratory revealed that the powder from the glassine bags in both envelopes contained heroin.

The defendant offered evidence and claimed to have proved that he was elsewhere on both occasions, and, specifically, that he was dressed differently on January 19, 1970, than was described by DeGrand. The defendant also attacked the probative value of the envelope, dated January 20, 1970, and its contents, all of which were admitted as state's exhibit A, by offering proof that the following day's date had been placed thereon; that the original plastic bag had been discarded; that the envelope had not been sealed; that it was not taken to the state toxicological laboratory until the next day; and that when opened it contained only fifty-eight glassine bags.

It is the defendant's claim that the trial court in limiting the cross-examination of the identifying witness for the prosecution denied the accused his constitutionally-guaranteed right of confrontation in violation of the sixth and fourteenth amendments to the constitution of the United States and article first, § 8, of the constitution of Connecticut.

When the absolute right of cross-examination has been fully and fairly exercised, its extent becomes subject to the sound discretion of the trial court which may exercise a reasonable judgment in determining when the line of inquiry has been exhausted. *Fahey* v. *Clark,* 125 Conn. 44, 48, 3 A.2d 313; *Akers* v. *Singer,* 158 Conn. 29, 36, 255 A.2d 858; *Alford* v. *United States,* 282 U.S. 687, 694, 51 S. Ct. 218, 75 L. Ed. 624; *Smith* v. *Illinois,* 390 U.S. 129, 132–33, 88 S. Ct. 748, 19 L. Ed. 2d 956. The trial court has

broad discretion in deciding the relevancy of evidence as it pertains to cross-examination; *State* v. *Blyden,* 165 Conn. 522, 531, 338 A.2d 484; *State* v. *Mullings,* 166 Conn. 268, 279, 348 A.2d 645; and on appeal the appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him. *State* v. *Hawkins,* 162 Conn. 514, 516, 294 A.2d 584; cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249; *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153. We have stated that the test of cross-examination is whether there has been an opportunity for full and complete cross-examination rather than the use made of that opportunity. *State* v. *Parker,* 161 Conn. 500, 504, 289 A.2d 894; *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 213, 257 A.2d 795.

Detective DeGrand testified on direct examination that he had seen the defendant three or four times prior to January 19, 1970, the date on which the information charges the first sale had taken place, and that he was familiar with the defendant. In the course of cross-examination, counsel for the defendant asked the officer concerning these three or four occasions: "Can you tell us approximately where, or when, or for how long?" No objection was taken to this question and DeGrand responded that he had been involved in prior narcotics investigations and arrests in which the accused also was involved. Upon further questioning by defense counsel, the officer answered that the defendant on trial had been neither a defendant nor an arrestee in those previous investigations or arrests. The defendant's attorney then asked when those arrests had taken place, to which the state objected on the ground that "we are pretty far afield . . . ." When the court then questioned the relevancy of this line of inquiry, a

colloquy ensued in which counsel for the defendant stated that he wished to determine the precision of the officer's identification. The court agreed that the number of times the officer had seen the defendant was relevant, commenting "[b]ut I don't think the details of any other involvements would be helpful." At that point, without requesting or receiving a specific ruling on the question objected to[2] or on whether DeGrand's prior contacts with the defendant could be explored along the lines of the original question, to which no objection had been taken, the defendant asked for and was granted an exception.

Under the circumstances, the defendant has failed to meet his burden of establishing that an erroneous ruling has been made which was probably harmful to him. *State* v. *Mahmood,* 158 Conn. 536, 541–42, 265 A.2d 83; *State* v. *Hawkins,* supra, 516. The record does not demonstrate, as claimed by the defendant, that cross-examination was not permitted on the ability of DeGrand to identify the defendant. Cf. *Dist. of Columbia* v. *Clawans,* 300 U.S. 617, 631–32, 57 S. Ct. 660, 81 L. Ed. 843. The trial court did not specifically rule on the objection taken but commented that details of "other involvements," presumably the arrests in which both the defendant and DeGrand were "involved," would not be helpful. Defense counsel was not precluded from any further inquiry concerning identification in light of his original question to which no objection was taken. No claim was made to the court, as is made here, that its "ruling" denied the defendant his constitutional right of confrontation. We are not satisfied that the trial court was given a clear understanding of the proposition to which an exception

---

[2] "Q. I see. About when did these arrests take place?"

was requested nor are we convinced that if the point now being pressed had been communicated to the court, further inquiry concerning DeGrand's prior contacts with the defendant would have been excluded. See *State* v. *Mahmood,* supra, 541–42; *Birgel* v. *Heintz,* 163 Conn. 23, 36, 301 A.2d 249; *Casalo* v. *Claro,* 147 Conn. 625, 629–31, 165 A.2d 153; *People* v. *Nothnagel,* 187 Cal. App. 2d 219, 224, 9 Cal. Rptr. 519.

We cannot conclude on this record that the trial court, by its comment and grant of an exception, abused its discretion in determining the relevance of cross-examination or denied the defendant an opportunity to exercise his constitutionally-guaranteed right of confrontation.

The defendant further claims that the court erred in sustaining the state's objections to questions asked DeGrand concerning Hawley's involvement in gambling activities and in restricting the direct testimony of the defendant about whether he "played numbers" with Hawley. The court did not abuse its discretion in twice sustaining objections to defense counsel's questions of DeGrand whether bets were taken or numbers booked at the store since he had already answered on cross-examination that Hawley was not involved in gambling activities and evidence at no time was offered that such activities had occurred on the dates in question. See *State* v. *Mullings,* 166 Conn. 268, 279, 348 A.2d 645. Nor did the court err in restricting the testimony of the defendant. After the defendant had testified that he "played numbers with Mr. Hawley every day, practically," the state objected and moved to strike the answer claiming that it was irrelevant. The court ruled that testimony concerning these activities must be limited to the days in question,

January 19 and 27, 1970, at which point the answer was stricken and the defendant excepted. In light of the fact that the defendant claimed he was not with Hawley on either day, no abuse of discretion can be found in the court's ruling.

The defendant has assigned error in the court's denial of his motion prior to testifying that three previous convictions—a 1955 conviction under the State Narcotic Drug Act, a 1961 theft and a 1967 conviction of carrying a dangerous weapon—be held inadmissible to impeach his credibility. In presenting his defense, on direct examination, the defendant admitted those prior convictions, presumably as a tactical procedure, and also was questioned concerning them on cross-examination. The trial court in its charge instructed the jury that the evidence was admissible only for the limited purpose of attacking the witness' credibility.

Proof of prior convictions of crimes for which imprisonment may be more than one year may be used to impeach witnesses. General Statutes § 52-145; *State* v. *Hall,* 165 Conn. 599, 606, 345 A.2d 17, and cases cited. This court has recently reviewed the intention of the General Assembly in enacting § 52-145, and the decisional law of other jurisdictions, both state and federal, as it affects the discretion of trial judges to exclude evidence of prior convictions when used for purposes of impeachment. *State* v. *Marquez,* 160 Conn. 47, 49–52, 273 A.2d 689; *State* v. *Bitting,* 162 Conn. 1, 9–10, 291 A.2d 240. We stated that the design of § 52-145 was not to confer discretion on the trial court to admit or reject evidence of prior convictions when offered to affect credibility but rather to remove the common-law disqualification of a witness who had been convicted of a crime. While the previously convicted witness

is competent to testify and brings to the stand, by his oath, the presumption of truthfulness, "[t]hat presumption should not be allowed to prevail in the face of the legislative judgment that records of crimes involving sentences of more than one year affect the credibility of a witness, unless its prejudicial effect far outweighs its probative value." *State* v. *Bitting,* supra, 10. That determination rests in the sound discretion of the trial court and will be overturned only if it has been abused. Id., 11. Although the remoteness of the prior narcotics conviction, fifteen to sixteen years at the time of trial, is a factor which should alert the court to the possibility of prejudice; *State* v. *Hall,* supra, 606; *State* v. *Marquez,* supra, 51; we cannot conclude, in this instance, that the trial court abused its discretion.

The defendant also challenges a portion of the court's charge in two respects, claiming in each instance that the accused was denied the presumption of innocence because the state was relieved of its burden of proving him guilty beyond a reasonable doubt. During the course of its instructions the court remarked: "[I]f you believe the testimony of Officer DeGrand rather than that of the accused, Mr. Jones, that is really the determining criteria for you to consider in reaching a decision in this case . . . . I think it practically boils down to the question of who you believe in the light of all the evidence." This comment was not erroneous. The court carefully and repeatedly instructed the jury throughout its charge that the defendant was presumed innocent until the jury found him guilty of each element of the offenses beyond a reasonable doubt and, specifically, with regard to the conflicting testimony of DeGrand and the defendant, the court stated: "I want to make it clear to you that the burden which

rests on the State to prove that the accused is guilty of the crimes charged beyond a reasonable doubt, necessarily involves proof that he was present at the scene . . . when the crime was committed." The court further instructed the jury that the accused need not prove his claim of alibi and it also noted that the testimony of a police officer was not entitled to any special consideration. In a criminal case the trial court, in its discretion, may make fair comment on the evidence and particularly on the credibility of witnesses. *State* v. *Cari,* 163 Conn. 174, 182, 303 A.2d 7.

The other claimed error in the charge allegedly occurred when the court, as shown by the finding as corrected, instructed the jury that they need not give too much consideration to the clause in § 19-480a of the General Statutes which would exempt the defendant from the crime charged were he shown to be authorized by the state to sell or dispense narcotic drugs.[3] *State* v. *Brown,* 163 Conn. 52, 63, 301 A.2d 547. Section 19-474 of chapter 359 of the General Statutes which deals with dependency-producing drugs, provides, inter alia, that "it shall not be necessary to negative any exception . . . contained in said section, and the burden of proof of any such exception . . . shall be upon the defendant." This clause does not alter the state's burden of proving the defendant guilty of each element of the offense beyond a reasonable doubt but places upon the accused the initial burden of coming forward with evidence in order to put in issue the question of legal authorization. Under the circumstances, the court was not in error since the defend-

---

[3] With regard to the "except as authorized" clause, the court remarked, "[s]o that I don't believe it's necessary for you to give too much consideration to that."

ant offered no evidence that he fell within the "except as authorized" provision of § 19-480a. See *State* v. *Brown,* supra, 63–68, for a more extensive discussion of this issue and the authorities cited thereon.

The defendant claims in the remaining assignments of error, as briefed by him, that the trial court erred in admitting in evidence the envelope dated January 20, 1970, as state's exhibit A, which the state claims contained the glassine bags placed therein by DeGrand after he had completed the Marquis reagent test; and that the court erred in subsequently denying the defendant's motion to strike the exhibit from evidence. The defendant predicates these assignments of error on the grounds that there is sufficient doubt as to the proof of the chain of custody of the heroin and the probative value of exhibit A so as to justify its exclusion because the envelope was not sealed; the date placed thereon, January 20, 1970, was not the date on which the transaction occurred, viz. January 19, 1970; and the plastic bag, containing the glassine bags, which was originally given to Hawley by the defendant was not placed in the envelope, which was exhibit A.

"[T]he prosecution is not required or compelled to prove each and every circumstance in the chain of custody beyond a reasonable doubt; the reasonable doubt must be to the whole evidence and not to a particular fact in the case. *United States* v. *Hall,* 198 F.2d 726, 730–31 (2d Cir.); 30 Am. Jur. 2d, Evidence, § 1172; 53 Am. Jur., Trial, § 771." *State* v. *Johnson,* 162 Conn. 215, 232, 292 A.2d 903. In deciding whether to admit or exclude the evidence, the trial court must satisfy itself that it is reasonably probable that the substance has not been

changed in important respects; and the ruling of the trial judge may not be overturned except for a clear abuse of discretion. Id., 232–33; *State* v. *Hall,* supra, 605; *State* v. *Brown,* supra, 57. DeGrand testified that he placed the date "January 20, 1970," on the envelope into which he placed the glassine bags taken from the plastic bag handed to him by Hawley, clipped the envelope, discarded the plastic bag and locked the envelope in the police safe before personally delivering it to the state laboratory the next day. Upon the foregoing facts, the trial court, in reasonable probability, could have determined that the contents of the envelope, exhibit A, were in substantially the same condition as when the offense was committed so as to render the exhibit admissible in evidence. *United States* v. *Clark,* 425 F.2d 827, 833 (3d Cir.); *United States* v. *Von Roeder,* 435 F.2d 1004, 1008 (10th Cir.); *State* v. *Johnson,* supra, 232, 233.

There is no error.

In this opinion the other judges concurred.