In April, 1980, the plaintiff instituted this action to collect a debt owed by the defendant for goods bought on open account. The first paragraph of the plaintiff's complaint alleged that "[o]n or before November 4, 1977 the Plaintiff sold and the Defendant purchased on open account certain goods, wares and merchandise." The complaint next alleged that the parties conducted further transactions on this account from November 4, 1977, to November 24, 1979, and that the defendant refuses to pay $6526.81, the balance *Page 391 
due on the account since September 24, 1979. The defendant filed a set off and counterclaim alleging that certain of the goods sold on or before November 4, 1977, were defective.
At trial, in attempting to prove its counterclaim, the defendant sought to introduce evidence of transactions which occurred after November 4, 1977. The trial court sustained the plaintiff's objection to this evidence for the reason that it was outside of the time frame set forth in the counterclaim. At the conclusion of the trial, judgment was rendered for the plaintiff on both the complaint and the counterclaim. The defendant has appealed.
The defendant claims that the trial court erred in refusing to permit an amendment to its counterclaim to include transactions which took place after November 4, 1977. The matter of amendments is always within the sound discretion of the court. Saphir v. Neustadt, 177 Conn. 191,206, 413 A.2d 843 (1979). Even if this were not the case, our examination of the record and transcript reveals that at trial the defendant simply tried to introduce evidence relating to these transactions and that after receiving an adverse evidential ruling, the defendant failed to petition the court for permission to amend its counterclaim. "We do not, on appeal, attempt to determine the rightness or wrongness of a proposition which was never suggested to or passed upon by the trier." State v. Marquez, 160 Conn. 47,52, 273 A.2d 689 (1970); see Practice Book 3063; Verrastro v. Sivertsen, 188 Conn. 213, 218,448 A.2d 1344 (1982).
 There is no error.
BIELUCH, COVELLO and CIOFFI, Js., participated in this decision.