[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves for summary judgment on the complaint as to the issue of liability. The defendant has neither answered nor asserted any special defenses to date. Notwithstanding, the defendant argues that the motion should be denied because the defendant anticipates that it will assert numerous special defenses which if proved, will defeat the plaintiffs foreclosure.
The court finds that there is no genuine issue of material fact as to whether the note and mortgage in question is in default by virtue of non payment of installments of principal and interest due on January 1, 1999 and every month thereafter.
The court notes and finds, the following:
 1) The affidavits which the plaintiff has submitted in support of its motion satisfy the business records exception to the hearsay rule.
 2) Contrary to the defendant's claim that the affidavit of Carol Connor fails to state how or where her personal knowledge was obtained, her affidavit is replete with specific reference to the factual basis CT Page 14378 of her knowledge of the transactions. In fact, her claim to personal knowledge is buttressed by Mr. Owen's own affidavit testimony. Associate Financial Services of America, Inc. v. Sorenson, 46 Conn. 721, 732 (1997). The case law which the defendant cites in setting forth the procedural requirements for an affidavit under P.B. § 19-46 are on point because they express the applicable law. The court disagrees with the defendant that the plaintiffs affidavits do not satisfy these requirements.
 3) All of the statements Nicholas Owen made both at the hearing on the application for appointment of rent receiver held on May 30, 2000 and June 12, 2000 and in his affidavit submitted in opposition to the motion constitute admissions which are unequivocal and unmistakable. There is no merit to the defendant's attempt to disallow the sworn testimony of Nicholas Owen given at the rent receiver proceeding. That testimony is not deposition testimony because it was not taken for the purpose of discovery but for a definite evidentiary purpose directly related to the plaintiff's application for the appointment of a receiver of rents. Moreover, the court has had the unique opportunity to observe the witness first hand and assess his credibility in contrast to a deposition proceeding where no such opportunity is offered. Even deposition testimony is acceptable in support of a motion for summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact contained in the deposition. Colburn v. Chapin, 40 Conn. App. 449, 450
n. 2 (1996).
The reason for the probative difference between deposition testimony taken for discovery purposes and former testimony taken in a judicial proceeding simply is that in the latter, the party against whom the former testimony is offered had an opportunity to develop the witness's testimony through direct examination and/or cross examination. State v.Parker, 161 Conn. 500, 504 (1971). The probative value of Mr. Owen's former testimony is not affected by the fact that many of the issues in the rent receiver proceeding were different from the issues that are involved in adjudicating a foreclosure. However, it was entirely relevant to the rent receiver proceeding whether or not installment payments were made as called for in the mortgage documents and were therefore in default. There is no merit to the defendant's claim that the court CT Page 14379 improperly limited the scope of the defendant's examination on either direct or cross.
 4) a) The check for $5,174.72 which Mr. Owen tendered was for 3060 Main Street not 3333 Main Street and was short $2,475.57 in any event. b) The checks for $3,611.32 and $3,874.74 received in January 1999 were $416.69 short.
 5) The defendant argues that it will assert numerous special defenses to the action. It is well established that in order to prove a matter in defense of an action other than a general denial, a party must assert a special defense or else waives the right to prove it. Mountaindale Condominium Association, Inc. v. Zapone, 59 Conn. 311 (2000). Not so well established but equally valid is the principle that the rules that govern what is provable at trial also govern what is provable on a motion for summary judgment. Yellow Page Consultants v. Omni Home Health Services, Inc. 59 Conn. 194, 199 (2000). While the defendant is technically barred from arguing special defenses which it has not asserted the court will nonetheless consider the merits of each such defense as if it had been asserted. They are as follows:
 a) The declaration of this loan to be in default culminating in this foreclosure action was calculated by the plaintiff to facilitate a discontinuance of the plaintiff's commercial real estate loan business. Even if this were true such an allegation does not show that the plaintiff has no cause of action. P.B. § 10-50.
 b) The plaintiff refused to enter into a workout agreement with the defendant. Nothing in the loan documents or in the law of this state requires a lender to offer a workout agreement to a borrower.
 c) The plaintiff made inappropriate contact with the defendant's tenants for the purpose of collecting rents. If this were true and if the defendant's rights were violated as a consequence, the defendant may have a separate cause of action against the plaintiff but in no event does such a claim, even if true, defeat the plaintiffs cause of action. Such conduct could not CT Page 14380 as a matter of law constitute a breach of the covenant of good faith and fair dealing, unconscionability or equitable estoppel.
 d) The plaintiffs conduct constitutes unclean hands and disqualifies it from obtaining a judgment of foreclosure. Such conduct by the plaintiff does not satisfy the elements of the defense of unclean hands because none of that conduct arises out of the same transaction as the mortgage. Boretz v. Segar, 124 Conn. 324 (1938).
 e) Nicholas Owen made an "honest mistake" with regard to both the due date and amount of the first payment.
Such a claim finds no support whatsoever in the record. Nicholas Owen is a very sophisticated businessman who need only have read his loan documents to have learned the proper monthly installment due, the date it was due and the grace period for each payment. Any confusion over these requirements was manufactured by Mr. Owen and is without justification.
 For all of the foregoing reasons the plaintiff's motion for summary judgment is granted as to liability only.
By the Court
Mottolese, Judge